## Commonwealth v. Jordan

*John A. Mahalik* and *Niles Schore*, for appellants.

*E. Robert Marks*, for Commonwealth.

MYERS, *P.J.*, June 21, 1979—Three residents of the Borough of Danville have been criminally charged with violating the plumbing code of the borough. Specifically, all three defendants have

been accused of commencing plumbing work without a permit. In addition, defendants Carr and Elmes were charged with failure to connect with the public water supply.

The three defendants were convicted of all charges by a district justice. Appeals were filed by defendants to this court. The appeals were then consolidated by the court, and a de novo hearing on all charges was held before us on March 16, 1979. Briefs were filed in due course by counsel for the parties, and the matters are now ready for disposition.

1

The Commonwealth's evidence against defendant Jordan consisted of testimony by the borough code enforcement officer to the effect that he had observed a truck drilling a well on defendant's property, and that he had subsequently observed water being used at defendant's car wash. In addition, an employe of the Danville Water Company testified that he had disconnected defendant's place of business from the municipal water supply.

According to section 111.1 of the Borough of Danville Plumbing Ordinance, "[n]o plumbing work shall be commenced until a permit for such work has been issued . . . " Defendant Jordan acknowledges that he did not have a permit.

The Commonwealth concedes that the drilling of a well is not included within the definition of "plumbing," as found at section 201.1 of the ordinance. However, the Commonwealth contends that defendant Jordan connected the well to his existing water system, and that the making of this connection constituted "plumbing," and hence required a permit.

The fatal flaw in the Commonwealth's position is that the Plumbing Code definition of "plumbing" excludes connections made more than five feet from the foundation walls of a structure. The Commonwealth presented no proof that any plumbing work was done within five feet of defendant's building. Furthermore, there was no proof that defendant Jordan performed any of the enumerated acts defined as "plumbing."

The Commonwealth's evidence merely indicated: (1) that defendant had a well drilled; (2) that the municipal water to his building was shut off; and (3) that there was running water on the property at a later date. The Commonwealth therefore clearly failed to sustain its burden of proving the required elements of this offense beyond a reasonable doubt. Accordingly, we must find defendant Jordan not guilty.

## 2

Defendant Elmes is charged with performing plumbing work without a permit, and also with failing to be connected to the public water supply system.

The Commonwealth's evidence against defendant Elmes consisted of testimony: (1) that a well had been drilled on his property; (2) that an employe of the Danville Water Company had disconnected defendant's residence from the municipal water system, and (3) that running water was subsequently observed on the defendant's premises.

There was no proof that any plumbing work had been performed within five feet of defendant Elmes' building. There was also no proof that defendant Elmes had personally performed any of the

activities included within the definition of "plumbing." Accordingly, defendant Elmes must also be found not guilty with respect to the charge of commencing plumbing work without a permit.

The second charge filed against defendant Elmes is based upon section 308.1 and section 308.2 of the Plumbing Ordinance, which required any structure equipped with plumbing fixtures to be connected to the public water supply system, if such facilities are available within 500 feet of the structure. There is no evidence, however, that defendant Elmes caused his structure to be disconnected from the public water supply system. To the contrary, the disconnection was performed by the water company itself.

Neither was there evidence that defendant Elmes had committed any volitional acts with regard to this disconnection. Furthermore, since the water company itself had performed the disconnection, their facilities certainly cannot be deemed to have been "available" to defendant Elmes.

Accordingly, we also find defendant Elmes not guilty of the charge of failing to be connected to the public water system.

## 3

The charges against defendant Carr are similar to those against defendant Elmes. The evidence against defendant Carr consisted of the same type of testimony as that given in the case against defendant Elmes.

Accordingly, we also find defendant Carr not guilty of the two charges, for the same reasons as set forth in our discussion of the charges against defendant Elmes.

ORDERS

And now, June 21, 1979, we find defendant Samuel Carr not guilty. Costs to be paid by the County of Montour.

And now, June 21, 1979, we find defendant John Jordan not guilty. Costs to be paid by the County of Montour.

And now, June 21, 1979, we find defendant Charles Elmes not guilty. Costs to be paid by the County of Montour.